UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY ELWOOD PENNEY,

      Petitioner,

v.                                                    Case No.  8:10-cv-726-T-33TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

      Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Harry Elwood Penney's pro se 28 U.S.C. § 2254 petition for writ of habeas corpus. Penney is proceeding on his amended petition (hereinafter "Petition" or "petition") (Doc. 8). Penney challenges his convictions rendered in the Sixth Judicial Circuit, Pinellas County, Florida, in state circuit case no. CRC-13739CFANO-K.  Respondent filed a response to the petition. (Doc. 12).  Although allowed time to do so, Penney did not file a reply to the response.

The record demonstrates that the petition is untimely and must be **denied.**

PROCEDURAL HISTORY

On February 18, 2004, the State of Florida filed a seven-count Information charging Penney with one count of attempted first degree murder (Count 1); one count of aggravated battery (Count 2) ; and  four counts of aggravated assault (Counts 3-6) and one count of resisting an officer with violence. (Count 7).  (Exhibit 1).  The case proceeded to a jury trial before the Honorable Richard Luce, Circuit Judge. Penney was represented at trial by

attorney Bruce M. Johnson, Assistant Public Defender. On February 21, 2005, the jury found Penney guilty as charged on all counts. (Exhibit 2). On April 4, 2005, the state trial court sentenced Penney to thirty years incarceration with a ten-year minimum mandatory sentence on Count 1. On Count 2, the state trial court sentenced Penney to a ten-year minimum mandatory sentence consecutive to the sentence on Count 1.  On Counts 3-6, the state trial court sentenced Penney to concurrent three-year minimum mandatory sentences,  to run concurrent with the sentence in Count1.  On Count 7, the state trial court sentenced Penney to five years incarceration to run concurrent with the sentence in Count 1). (Exhibit 3).

Penney pursued a direct appeal. Penney's appellate counsel, Special Assistant Public Defender, Charles D. Peters, filed an initial brief raising five issues. (Exhibit 4). On December 30, 2005, in case no. 2D05-1885, the State District Court of Appeal filed an opinion affirming Penney's judgment and sentence. (Exhibit 6).  *Penney v. State*, 916 So.2d 1000 (Fla. 2d DCA 2005). The mandate issued January 19, 2006. (Exhibit 7).

On June 22, 2006, Penney filed a Rule 3.850 motion for postconviction relief raising three grounds. (Exhibit 8).  After holding an evidentiary hearing, the postconviction court denied the motion on April 19, 2007. (Exhibit 9). Penney appealed the denial of relief. On January 23, 2008, the State District Court of Appeal per curiam affirmed the denial of relief. (Exhibit 13). *Penney v. State*, 975 So.2d 1145 (Fla. 2d DCA 2008)(table). On February 7, 2008, Penny filed a motion for rehearing which the court denied on March 10, 2008. The mandate issued March 26, 2008. (Exhibit 14).

On April 7, 2008, Penney filed a Rule 3.800(c) Motion To Mitigate and Reduce Sentence . (Exhibit 15). The trial court dismissed the motion to mitigate on May 2, 2008.

Penney appealed.  On November 21, 2008, the State District Court of Appeal  affirmed the trial court's order with citation. (Exhibit 16). *Penney v. State*, 995 So.2d 969 (Fla. 2d DCA 2008)(table). The mandate issued December 15, 2008. (Exhibit 17).

On April 30, 2009, Penney filed a Rule 3.800(a) Motion To Correct Illegal Sentence pursuant to 3.800(a). (Exhibit 18). The trial court denied the motion on May 22, 2009. (Exhibit 18).  Penney appealed. On January 20, 2010, the State District Court of Appeal per curiam affirmed the trial court's denial of relief.  (Exhibit 19). *Penney v. State*, 25 So.3d 1239 (Fla. 2d DCA 2010)(table). The mandate issued February 15, 2010. (Exhibit 20).

THE PRESENT PETITION

Penney provided his original petition (Doc. 1) to corrections officials for mailing on March 18, 2010. (Doc. 8). The petition is untimely.

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Penney's judgment became final on March 30, 2006, ninety days after the judgment and sentence were affirmed on direct appeal on December 30, 2005. Accordingly, Penney

had one year, or until March 31, 2007, to file his federal petition absent any properly filed applications for postconviction relief. Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Penney properly filed a 3.850 motion for postconviction relief on June 22, 2006, after 84 days of the federal limitations period had elapsed. That  proceeding was final on March 26, 2008, the date the mandate issued.

Though a properly filed motion for post-conviction relief will toll the one-year filing period, id. at § 2244(d) (2), the Rule 3.800(c) postconviction motion Penney filed on April 7, 2008 did not toll the statute of limitations. A Rule 3.800(c) motion does not qualify as an "application for State post-conviction or other collateral review with respect to the pertinent judgment" under 28 U.S.C. § 2244(d)(2). *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1297 (11th Cir. 2008).

In the timeliness section of the instant petition, Penney characterizes his 3.800(c) motion filed on April 7, 2008, as a Rule 3.800(a) motion. See § 2254 petition at p. 15. However, examination of the motion and the order denying the motion reveals that it was a motion to mitigate sentence filed pursuant to 3.800(c). See Exhibit 15 -- Summary Record of the Motion to Mitigate.  Therefore, neither Penney's Rule 3.800(c) motion to mitigate nor his improper notice of appeal from the court's nonappealable order denying his motion qualifies as a tolling application.

Because the Rule 3.800(c) motion did not toll the statute of limitations, Penney's clock continued to run for 401 additional days before Penney filed the 3.800(a) motion on April 30, 2009. By then, a total of 485 (84 + 401 = 485) days elapsed during which no

properly filed application for postconviction relief was pending before Penney filed his Rule 3.800(a) motion. Because Penney filed his Rule 3.800(a) motion after expiration of the one year period, the filing of the motion did not toll the statutory limitations period.

In *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), the Eleventh Circuit, quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), held a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Tinker*, 255 F.3d at 1333.

Because 485 days elapsed during which no properly filed application for postconviction relief was pending in state court, Penney's 28 U.S.C. § 2254 petition for writ of habeas corpus delivered to prison officials for mailing on March 18, 2010 is untimely.

Penney has not demonstrated that extraordinary circumstances entitle him to equitable tolling.

Accordingly, the Court orders:

That the Respondent's motion to dismiss the petition as time-barred (Doc. 12) is granted. Penney's petition is denied. The Clerk is directed to enter judgment against Penney and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §

2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 3, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Harry Elwood Penney